UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| **MARCUS TYSHUN PORTER,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action Number |
| | ) | **1:17-cv-08032-AKK** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Marcus Tyshun Porter, a federal prisoner, seeks to have his sentence vacated, set aside, or corrected pursuant to 28 U.S.C. § 2255 due to alleged prosecutorial misconduct and illegal arrest. Doc. 1 at 4–5. For the reasons explained below, Porter's petition is **DENIED**.

### I. STANDARD OF REVIEW

Following conviction and sentencing, 28 U.S.C. § 2255 allows a federal prisoner to file a motion in the sentencing court "to vacate, set aside or correct the sentence" on the basis "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). To obtain relief under § 2255, a petitioner must: (1) file a non-successive

petition or obtain an order from the Eleventh Circuit authorizing a district court to consider a successive § 2255 motion, 28 U.S.C. § 2255(h), § 2255 Rule 9; (2) file the motion in the court where the conviction or sentence was received, *see Partee v. Attorney Gen. of Ga.*, 451 F. App'x 856 (11th Cir. 2012); (3) file the petition within the one-year statute of limitations, 28 U.S.C. § 2255(f); (4) be "in custody" at the time of filing the petition, *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); (5) state a viable claim for relief under the heightened pleading standards of § 2255 Rule 2(b), *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994); and (6) swear or verify the petition pursuant to 28 U.S.C. § 1746. Finally, "[i]n deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). However, "if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id.*

## II. PROCEDURAL HISTORY

After a jury found Porter guilty of Conspiracy to Commit Armed Bank Robbery in violation of 18 U.S.C. § 371 (Count I) and Bank Robbery in violation of 18 U.S.C. § 2113(a) (Count II), the undersigned sentenced Porter to concurrent terms of sixty months as to Count I, and two-hundred ten months as to Count II.

*See* doc. 92 in case no. 1:13-cr-00145-AKK-JEO. Porter timely appealed, arguing that the court gave "erroneous jury instructions." Doc. 1 at 2. The Eleventh Circuit affirmed Porter's conviction in an opinion "decided" on December 17, 2014, *see* 594 F. App'x 585 (11th Cir. 2014), but "filed" on February 1, 2016, *see* doc. 109 in case no. 1:13-cr-00145-AKK-JEO, and Porter did not file a petition for *certiorari*. As a result, Porter's conviction became final, at the latest, on May 1, 2016.[1] Porter subsequently filed this § 2255 motion on July 3, 2017. Doc. 1 at 12.

### III. ANALYSIS

Porter's petition asserts two grounds for relief: *i.e.*, that (1) he "received blatant and egregious prosecutor misconduct when said prosecutor proceeded in unlawfully manufacturing jurisdiction by filing falsified grand jury indictment that was unsigned and not returned in open court," doc. 1 at 4; and that (2) he was "arrested in the absolute clear absence of all jurisdiction when F.B.I. agents proceeded in unlawfully arresting him without an arrest warrant or probable cause," *id.* at 5.

---

[1] "[W]hen a prisoner does not petition for certiorari, his conviction does not become 'final' for purposes of [§ 2255(f)(1)] until the expiration of the 90-day period for seeking certiorari," *Kaufmann v. United States*, 282 F.3d 1336, 1338 (11th Cir. 2002). In Porter's case, the ninetieth day from December 17, 2014 was March 17, 2015. The court notes that the opinion was not issued until February 1, 2016. *See* doc. 109 in case no. 1:13-cr-00145-AKK-JEO. The ninetieth day from February 1, 2016 is May 1, 2016. Thus, construing the dates in the light most favorable to Porter, his conviction became final on May 1, 2016, and any § 2255 petition was due by May 1, 2017. *See* § 2255(f).

As an initial matter, Porter's motion is untimely, because Porter filed it after the one year period his conviction became final. *See* 28 U.S.C. § 2255(f)(1). Specifically, the conviction became final (at the latest) on May 1, 2016, and Porter did not file this motion until July 3, 2017. The court is not persuaded by Porter's contention that his motion is timely because it is his "initial § 2255 motion and it is based solely upon lack of subject matter jurisdiction pursuant to prosecutor blatant and egregious misconduct via falsifying federal grand jury indictment to gain subject matter jurisdiction and having defendant unconstitutionally arrested by F.B.I. special agents without both an arrest warrant or probable cause." Doc. 1 at 10.

Moreover, Porter has procedurally defaulted on his claims for relief by not raising either argument in his direct appeal. *See* doc. 1 at 4–5. *See also Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004) (defendant defaults in a collateral proceeding when he could have raised an issue on direct appeal but failed to do so); *McCoy v. United States*, 266 F.3d 1245, 1258–59 (11th Cir. 2001) (failure to raise claim makes the claim procedurally defaulted, even if it was explicitly foreclosed by existing circuit precedent at the time of defendant's direct appeal).

Finally, Porter's arguments fail on the merits. Specifically, as to Porter's argument regarding alleged prosecutorial misconduct, Porter asserts that the

prosecutor "fil[ed] a falsified federal grand jury indictment against [him] that was never officially signed by an assistant and/or U.S. Attorney and the graind [*sic*] jury foreperson as a true bill . . . ." Doc. 2 at 1. Porter asserts that "although said Indictment had electronic signature typed on it, . . . said electronic signature typed words is invalid and does not validate the actual signature law requirement." *Id.* The sealed version of the indictment, doc. 1-1, however, bears the signature of the foreperson of the grand jury and L. James Weil, Jr., Assistant United States Attorney. SEALED doc. 1-1 in case no. 1:13-cr-00145-AKK-JEO. As to Porter's contention that he was arrested without a warrant, the docket sheet in Porter's criminal case indicates that Magistrate Judge John E. Ott issued a sealed arrest warrant as to Marcus Tyshun Porter and two other individuals on April 29, 2013.

## IV. CONCLUSION AND ORDER

In light of the foregoing, the court finds that Porter's arguments are untimely, procedurally barred, and fail on the merits. Accordingly, his § 2255 petition is **DENIED**. The clerk is directed to close this file, and to terminate doc. 111 in case no. 1:13-cr-00145-AKK-JEO-1.

**DONE** the 11th day of August, 2017.

 _____
 **ABDUL K. KALLON**
 UNITED STATES DISTRICT JUDGE